BRUNER v P U C

Ohio Appeals, 2nd Dist, Darke Co

No 339. Decided May 16, 1929

S. E. Mote, Granville, for Bruner.

Albert M. Calland, Columbus, and H. F. Krickenberger and Mannix & Billingsley, Greenville, for P U C.

ALLREAD, J.

The evidence tends to prove that Bruner was a truck m??? with a closed truck and that he advertised for business. Several advertisements were offered in evidence and tended to prove that Bruner was soliciting business generally from the public, and the evidence of witnesses is also offered tending to prove that Bruner was engaged in business in pursuance to the advertisements aforesaid. There is no evidence in the record which in any way proves that Bruner rejected any business or contracted with reference thereto as a private carrier.

We think the evidence was sufficient to sustain the judgment of the court below, and we further note the fact that Bruner was merely enjoined from business as a common carrier, and this injunction did not relate in any way to any private contracts that Bruner may have had.

We think, therefore, the judgment of the court below was in accordance with the evidence.

We have considere' the authority of the court to render any judgment in injunction at the suit of the Public Utilities Commission for a violation of the Public Utilities Act.

> Section **583 GC.** provides that:- "In addition to other remedies provided in this chapter for the prevention and punishment of the violation of the provisions thereof and orders of the Commission, the Commission may compel compliance with ssuch provisions and its orders by proceedings in mandamus, injunction or by other appropriate civil remedies."

This provision is broad and gives a remedy by injunction in addition to all other remedies provided for.

We have reached the conclusion that the judgment of the Court of Common Pleas was authorized and is therefore correct.

Kunkle and Hornbeck, JJ, concur.